The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, Arkansas 72556-0488
Dear Senator Miller:
I am writing in response to your request for an opinion about whether a certain church by-law violates A.C.A. § 4-28-212 (Repl. 2001). According to the correspondence attached to your request, one of your constituents attended a "business meeting" at a "church of which [he] is a member." At the meeting, the church reportedly approved "an amendment to the church by-laws" that prohibited voting by proxy. You ask whether this amendment violates A.C.A. § 4-28-212.
RESPONSE
You have not provided me with any information concerning the "church" you ask about. Depending on the legal status of the "church," it may or may not be subject to the requirements listed in section 4-28-212. In any event, A.C.A. § 25-16-701 prohibits me from engaging or assisting in the private practice of law. Therefore, I cannot opine on whether this church's by-laws are contrary to section 4-28-212.
Even assuming, however, that section 4-28-212 does apply to this "church," the statute specifically permits the by-laws of a regulated entity to prohibit voting by proxy: "In all matters . . . a member may vote in person or by proxy, unless the . . . bylaws require such votes to be cast in person. . . ." A.C.A. § 4-28-212(c)(1) (Repl. 2001). *Page 2 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General